UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY WESTFALL,<br><br>                              Plaintiff,<br><br>v.<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC. *et al*.,<br><br>                              Defendants. | Case No.: 3:15-cv-01403-L-NLS<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; AND (2) GRANTING LEAVE TO AMEND** |

Pending before the Court in this mortgage foreclosure action is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendant Bank of America, N.A. ("Defendant" or "Bank of America"). Defendants Nationstar Mortgage Servicing ("Nationstar"), Mortgage Electronic Registration Systems, Inc. ("MERS") and Deutsche Bank National Trust Company ("Deutsche Bank") filed a notice of joinder in Bank of America's motion. Plaintiff filed an opposition and Defendant replied. For the reasons which follow, the motion is granted in part and denied in part. Plaintiff is granted leave to amend.

1

## I. Background

On October 28, 2004, a grant deed was recorded in Plaintiff's name as purchaser of a home in Carlsbad, California. (*See* Def.'s Request for Judicial Notice ("RJN") Ex. A.) In June 2006, Plaintiff obtained a $795,000 loan from Aegis Wholesale Corporation ("Aegis"). The loan was secured by a deed of trust. (*See* RJN Ex. B.) It listed Aegis as the lender, Commonwealth Land Title ("Commonwealth") as the trustee, and MERS as the beneficiary, solely as nominee for the lender. In 2012, the beneficial interest under the deed of trust was assigned from Aegis to Deutsche Bank. In September 2014, another assignment was recorded, reflecting that Deutsche Bank assigned the beneficial interest under the deed of trust to Nationstar. At the same time, a substitution of trustee was recorded, reflecting that Veriprise Processing Solutions, LLC was substituted in place of Commonwealth, the original trustee.

In February 2015, a notice of default was recorded, reflecting that Plaintiff had defaulted on her loan as of February of 2015. On May 15, 2015, a notice of trustee's sale was recorded. On June 25, 2015, Plaintiff filed a complaint in this Court alleging: (1) violations of the federal Real Estate Settlement Procedures Act, 12 U.S.C. §2601 *et seq*. ("RESPA"), (2) violations of the federal Truth in Lending Act, 15 U.S.C. §1601 *et seq*. ("TILA"), (3) wrongful foreclosure, (4) quiet title, (5) cancellation of instruments, (6) violation of California Civil Procedure Code § 2923.5, (7) violation of California Unfair Competition Law, Cal. Bus. & Profs. Code §17200, *et. seq*. ("UCL"), and (8) unjust enrichment. As of the date of the motion to dismiss, the property had not been foreclosed, and the Court has not been otherwise notified.

Plaintiff claims Aegis was not the real lender providing the funds used to close escrow for the purchase of her property, that funds were advanced by the real lender Bank of America, and therefore, the loan was fraudulently originated. She argues that the loan and chain of title is broken, and that Defendants must be enjoined from taking any actions to foreclose.

## II. Legal Standard

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041(9th Cir. 2010) (internal quotation marks and citation omitted). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory, yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006). However, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

## III. Discussion

### A. RESPA Violations

#### a. 12 U.S.C. §2605

Plaintiff asserts that Defendant failed to respond to her qualified written request ("QWR") in violation of 12 U.S.C. §2605(e)(1)(B). Defendant argues this claim is time barred. Claims for damages under §2605 are subject to a three-year statute of limitations. 12 U.S.C. §2614. The statute begins to run at the time of the alleged failure to respond. *Falcocchia v. Saxon Mtg., Inc.*, 709 F.Supp.2d 860 (E.D. Ca. 2010). Plaintiff alleges she submitted her QWR in 2014. Therefore, her §2605 claim was timely filed.

Defendant next argues that Plaintiff fails to allege she had submitted a QWR. (*See* Mot at 7.) Plaintiff attached the QWR to her opposition brief. Generally, courts may not

consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents referenced in the complaint whose authenticity is not questioned by the parties, but which are not attached to the complaint, may also be considered without converting a Rule 12(b)(6) motion to dismiss to a motion for summary judgment. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statute on other grounds). Accordingly, the Court takes judicial notice of the QWR. To the extent Defendant's motion is based on the contention that Plaintiff did not allege she submitted a QWR, the motion is DENIED.

   **b. 12 U.S.C. §2607**

  Plaintiff also alleges that Defendant violated RESPA by giving or accepting kickbacks and unearned settlement fees in violation of 12 U.S.C. §2607. Defendant again argues for dismissal based on the statute of limitations. The statute for a claim under 12 U.S.C. §2607 is one year from the date of the alleged violation. 12 U.S.C. §2614. Plaintiff's complaint was filed approximately nine years after the alleged violation. (*See* Compl. ¶ 61-65.) When, as here, the motion to dismiss is based on the statute of limitations bar, it may be granted if, "[a]ccepting as true the allegations in the complaint, as [the Court] must when reviewing a motion to dismiss under Rule 12(b)(6), ... the running of the statute is apparent on the face of the complaint." *Hyunh*, 465 F.3d at 997 (internal quotation marks and citations omitted). The expiration of the limitations period for the §2607 claim is apparent on the face of the complaint.

  However, the statute may be equitably tolled in the appropriate circumstances. The tolling suspends the limitations period until the borrower discovers or reasonably could discover the violation. *Merritt v. Countrywide Financial Corp.*, 759 F.3d 1023 (9th Cir. 2014). If the plaintiff can show that he or she did not discover the violation because he or she did not have a reasonable opportunity, the statute is tolled even when the defendant did not attempt to conceal it. *Gladstone v. U.S. Bancorp*, 811 F.3d 1133 (9th Cir. 2016).

Plaintiff alleges in general terms that the statute should be tolled because Defendant fraudulently concealed its violations. (Compl. ¶65.) She does not allege, however, why she was unable to discover the violation for nine years. (*See id.* ¶¶61- 65.) Accordingly, her pleading is insufficient to meet the notice pleading requirement of Federal Rule of Civil Procedure 8(a) or the particularity requirement of Rule 9(b) for alleging fraud. Without additional facts, Plaintiff cannot avail herself of equitable tolling. Accordingly, Defendant's motion to dismiss the RESPA claim for §2607 violations is GRANTED.

The Court next considers whether to grant leave to amend. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 2004). Leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted). "In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal with prejudice and without leave to amend is not appropriate without an apparent or stated reason why leave should not be granted. *Id*. Because it may be possible for Plaintiff to allege sufficient facts to avail herself of equitable tolling, LEAVE TO AMEND IS GARANTED.

**B. TILA Violations**

Next, Defendant moves to dismiss Plaintiff's TILA claim as time barred. A one-year statute of limitations applies to claims for TILA violations. 15 U.S.C. §1640e. Plaintiff alleges that the violations occurred at the time of the loan transaction in 2006. She filed this lawsuit in June 2015. It therefore appears from the face of the complaint that, the TILA claim is time barred. Plaintiff argues the statute of limitations should be equitably tolled. (Compl. ¶ 74.)

"Equitable tolling is generally applied in situations 'where the claimant has actively pursued his [or her] judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1068 (9th Cir.2006). "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his [or her] claim. *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir.2000)(focus is on whether plaintiff's delay was excusable); *overruled on other grounds by Socop-Gonzalez v. INS*, 272 F.3d 1176, 1194-96 (9th Cir. 2001)(*en banc*). "If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." *Id*. at 1178. In the context of TILA damages, "the district courts…can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the Act and adjust the limitations period accordingly." *King*, 784 F.2d at 915.

Plaintiff fails to plead sufficient facts demonstrating her inability to timely discover her TILA claim. Her allegation that she was unable to discover it due to, "among other things, the fraud committed against [Plaintiff] by the defendants" (Compl. ¶ 74), is to general to meet the pleading requirements. Accordingly, Defendant's motion to dismiss is GRANTED**.** Because it may be possible for Plaintiff to allege sufficient facts, the motion is granted with LEAVE TO AMEND**.**

**C. Quiet Title**

Defendant moves to dismiss the quiet title claim because Plaintiff has not tendered the amount she owes. Plaintiff argues she is not required to tender because Defendant's fraudulent activity and lack of standing to collect the debt. (Compl. ¶ 85.)

Plaintiff's complaint seeks, among other things, to set aside the foreclosure proceedings and prevent the sale of her property. "A valid and viable tender of payment

of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen v. Am.Sav. & Loan Ass'n.*, 15 Cal.App.3d 112, 117 (1971); *see also* 5 Miller & Starr Cal. Real Estate §13:256 (4th ed. 2015). "Therefore, as a condition precedent to an action by the trustor to set aside the trustee's sale on grounds that the sale is voidable, the trustor must pay, or offer to pay, the secured debt, or at least all of the delinquencies and costs due for redemption, before the action is commenced or in the complaint. This includes an action by the trustor to quiet title against the lender or other purchaser in foreclosure. Without an allegation of such a tender in the complaint that attacks the validity of the sale, the complaint does not state a cause of action." *Id.*

Plaintiff argues that she meets the tender requirement because she alleges damage claims against Defendants, which would be offset against any amount she owes on the loan. (Compl. ¶ 86.) "[W]hen the person making the claim has a counterclaim or set-off against the beneficiary, whether liquidated or unliquidated, it is deemed that the tender and counter-claim offset each other, and if the offset is equal to or greater than the amount due, a tender is not required; otherwise the amount of the tender is reduced by the amount of the offset." 5 Miller & Starr §13:256; *see also Lona v. Citibank, N.A.*, 202 Cal. App.4th 89 (2011). Plaintiff's allegation falls under an exception to the general tender rule. In the alternative, tender is not required because Plaintiff alleges the title documents are void. *See Cheung v. Wells Fargo Bank, N.A.*, 987 F.Supp.2d 972 (N.D. Cal 2013); *see also Fleming v. Kagan*, 189 Cal.App.2d 791 (1961). Defendant's motion to dismiss the quiet title claim is DENIED.

### D. Cancellation of Instruments
#### a. Deed of Trust and Promissory Note

Defendant further moves to dismiss Plaintiff's claim for cancellation of instruments. Pursuant to California Civil Code §3412, "[a] written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may upon his application, be so adjudged, and ordered to be delivered up or cancelled." Cal. Civ. Code §3412. Cancellation requires

the written instrument to be void, or voidable. *See generally Robertson v. Super. Ct. (Brooks)*, 90 Cal.App.4th 1319 (2001).

Defendant argues the cancellation claim is time barred. Ordinarily, a four-year statute of limitations under California Code of Civil Procedure 343 applies in a suit to cancel a written instrument. *Robertson*, 90 Cal.App.4th at 1326. However, when the alleged claim involves fraud or mistake, the applicable statute is for three years from the time of discovery of the facts constituting fraud or mistake. *Id.*; *Zakaessian v. Zakaessian*, 70 Cal. App. 2d 721, 725 (1945); Cal. Code Civ. Proc. §338(4).

The deed of trust and the note Plaintiff seeks to cancel were executed in 2006. Accordingly, they are barred by the four-year statute of limitations. However, because Plaintiff claims the documents are fraudulent, she may be able to avail herself of the three-year statute of limitations, which accrues upon discovery. Plaintiff's only relevant allegation regarding discovery is that it was "recent." This conclusory statement is insufficient to meet the pleading requirements. Accordingly, Defendant's motion to dismiss the cancellation claim with respect to the note and deed of trust is GRANTED. Because it may be possible for Plaintiff to allege sufficient facts regarding discovery to bring the claim within the tree-year statute of limitations, the dismissal is WITH LEAVE TO AMEND.

### b. Notice of Default, Notice of Trustee's Sale and Assignment

The notice of default, notice of trustee's sale, and the assignment were executed on February 12, 2015, May 12, 2015, and December 19, 2012, respectively. The cancellation claim is therefore not time barred. Alternatively, Defendant argues Plaintiff as the borrower lacks standing to sue over alleged defects in the transfer or assignment of a borrower's promissory note. (Mot. at 14.) However, a borrower has standing to sue for wrongful foreclosure on grounds that the assignment of the note and deed of trust is void. *Yvanova v. New Century Mortg. Corp.*, 62 Cal.4th 919 (2016). Defendant's standing argument is therefore rejected.

Defendant also argues that Plaintiff's claim, based on the allegation that the assignment was invalid because it was made by MERS, fails because MERS acted in its capacity for the lender, Aegis. Plaintiff counters that Aegis was never a valid beneficiary, thus rendering the assignment void, and precluding Aegis from trying to collect on the note or foreclosing under the deed of trust. In the absence of legally effective assignment of the deed of trust, Plaintiff claims, Defendants have no standing to foreclose on her property, thus rendering the notice of default and notice of trustee's sale they recorded null and void.

Based on the foregoing, Plaintiff sufficiently alleged a claim for cancellation of the assignment, notice of default and notice of trustee's sale. Defendant's motion in this regard is therefore DENIED.

**E. Violation of California Civil Code Section 2923.5**

Defendant also moves to dismiss Plaintiff's claim for violation of California Civil Code Section 2923.5, which provides that a notice of default may not be recorded unless the borrower is contacted by the mortgagee, beneficiary, or authorized agent and provided options to avoid foreclosure. Plaintiff's claim in this regard is based on the theory that the mortgage servicer's declaration, signed by Jennifer Talbot for Nationstar in September 2014, regarding compliance, was false. However, because the related notice of default was rescinded in January of 2015 (*see* RJN Ex. G), this claim appears to be moot.[1] Alternatively, Nationstar, MERS and Deutsche Bank argue that section 2923.5 does not apply at all. It applies only if several requirements are met, including that the property at issue "is the principal residence of the borrower." Cal. Civ. Code §2924.15. Plaintiff admits the property is her "secondary residence." (Compl. at 2.) Defendant's motion to dismiss it is therefore GRANTED.

---

[1] The requirement imposed by California Civil Code §2923.5 may be preempted by the federal Home Owner's Loan Act, 12 U.S.C. §1464 ("HOLA"). Because the parties do not raise the issue, and the claim is dismissed on other grounds, the Court does not address preemption.

### F. Violation of the UCL

Defendant further moves to dismiss Plaintiff's UCL claim for lack of statutory standing. To have standing under the UCL, a plaintiff must show (1) a loss or deprivation of money or property sufficient to qualify as injury in fact; and (2) that the economic injury was the result of, or caused by, the unfair business practice that is the gravamen of the claim. *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal.App.4th 49, 81 (2013).

Plaintiff alleges that Defendants engaged in deceptive business practice with respect to mortgage servicing, assignment of deeds of trust and the filing of fraudulent foreclosure documents. She alleges she has suffered injury including the imminent loss of her property, damage to her creditworthiness, and money paid to Defendants as a result of their unfair business practices. (Compl. ¶ 102.) She also states that she paid for services of a forensic loan auditor and attorney to protect her constitutional and property rights.[2] *Id.* Plaintiff's allegation of a diminished credit score caused by Defendants' unfair business practices is sufficient to support standing under the UCL. *Alborzian v. JPMorgan Chase Bank, N.A.*, 235 Cal.App.4th 29 (2015). For purposes of pleading, Plaintiff has sufficiently established standing under the UCL.

Defendant also maintains that Plaintiff did not allege any unlawful act so as to support a UCL claim. "An unlawful business practice under section 17200 is an act or practice, committed pursuant to a business activity, that is at the same time forbidden by law." *Progressive W. Ins. Co. v. Yolo County Super. Ct.* (*Preciado*), 135 Cal.App.4th 263, 287 (2006)(emphasis and internal quotation marks omitted). Defendant's argument is rejected because, as discussed above, some of Plaintiff's claims survive Defendant's motion. Defendant's motion to dismiss the UCL claim is DENIED.

---

[2] As to her claims that she had to pay for an attorney, the proper focus is on whether Plaintiff undertook expenditures in response to, and to counteract, effects of Defendants' alleged misconduct, rather than in anticipation of litigation. These expenses therefore do not appear to lend themselves to a UCL claim. *Animal Legal Defense Fund v. LT Napa Partners LLC,* 234 Cal.App.4th 1270 (2015).

**G. Unjust Enrichment**

Finally, Defendant moves to dismiss Plaintiff's unjust enrichment claim. The claim is based on the contention that this is an action based in equity, and that Defendant was not legally authorized to collect money from Plaintiff because it was not the rightful loan servicer, thus acquiring a benefit at her expense. However, it is undisputed that Defendant was, at least for a time, the loan servicer on Plaintiff's loan. For example, Plaintiff sent Defendant a QWR on September 22, 2014, presumably because she believed Defendant was the loan servicer. Plaintiff fails to sufficiently articulate a plausible factual theory to show that Defendant wrongfully acquired a benefit at her expense by collecting her mortgage payments. Defendant's motion to dismiss the unjust enrichment claim is therefore GRANTED. Because it may be possible for Plaintiff to allege sufficient facts in support of this claim, the dismissal is WITH LEAVE TO AMEND.

**IV.   Conclusion**

Based on the foregoing, Defendant's motion to dismiss is GRANTED in part and DENIED in part as follows:

1. Defendant's motion to dismiss the claim for violation of RESPA under 12 U.S.C. §2605 is DENIED.
2. Defendant's motion to dismiss the claim for violation of RESPA under 12 U.S.C. §2607 is GRANTED WITH LEAVE TO AMEND.
3. Defendant's motion to dismiss the claim for TILA violations is GRANTED WITH LEAVE TO AMEND.
4. Defendant's motion to dismiss the quiet title claim is DENIED.
5. Defendant's motion to dismiss the claim for cancellation of the note and deed of trust is GRANTED WITH LEAVE TO AMEND.
6. Defendant's motion to dismiss the claim for cancellation of the notice of default, notice of trustee's sale and assignment is DENIED.
7. Defendant's motion to dismiss the claim for violation of California Civil Code Section 2923.5 is GRANTED.

8. Defendant's motion to dismiss the UCL claim is DENIED.

9. Defendant's motion to dismiss the unjust enrichment claim is GRANTED WITH LEAVE TO AMEND.

10. No later than **April 29, 2016**, Plaintiff may file and serve an amended complaint, if any.

11. Defendant's response, if any, shall be filed and served no later than the time specified in Federal Rule of Civil Procedure 15(a)(3). If Plaintiff does not file an amended complaint as provided herein, Defendant's answer, if any, shall be filed and served no later than May 13, 2016.

**IT IS SO ORDERED.**

Dated:  March 30, 2016

_____
Hon. M. James Lorenz
United States District Judge