UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY WESTFALL,<br><br>                          Plaintiff,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. *et al.*,<br><br>                          Defendants. | Case No.: 3:15-cv-01403-L-NLS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

Pending before the Court in this mortgage foreclosure action is a motion to dismiss the first amended complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendant Bank of America, N.A. ("Bank of America"). Defendants Nationstar Mortgage Servicing ("Nationstar"), Mortgage Electronic Registration Systems, Inc. ("MERS") and Deutsche Bank National Trust Company ("Deutsche Bank," collectively "Defendants") filed a notice of joinder in Bank of America's motion. Plaintiff filed an opposition and Defendant replied. For the reasons which follow, the motion is granted with respect to Plaintiff's seventh cause of action for unjust enrichment and the third cause of action for wrongful foreclosure, to the extent Plaintiff seeks damages. The motion is denied in all other respects. Plaintiff's request for leave to amend is denied.

## I. Background

Plaintiff owns a secondary residence in Carlsbad, California ("Property"). (FAC at 2.) In June 2006, she refinanced it by signing a deed of trust securing a promissory note for $795,000 from Aegis Wholesale Corporation ("Aegis"), the lender ("Deed of Trust" and "Note," respectively). (*Id*. Ex. C.) The Deed of Trust listed Commonwealth Land Title ("Commonwealth") as the trustee, and MERS as the beneficiary, solely as nominee for the lender Aegis. (*Id.*) Plaintiff alleges that unbeknownst to her, Aegis was not the lender but a loan broker who immediately sold the loan to Countrywide Bank, FSB ("Countrywide") in exchange for a yield spread premium. (FAC at 8-9.)

On December 19, 2012, an Assignment of Deed of Trust was recorded, transferring the Deed of Trust from Aegis to Deutsche Bank "as Trustee for Harborview Mortgage Loan Trust ['Trust'] Mortgage Loan Passthrough Certificates, Series 2006-9." (FAC at 13 & Ex. H.) Plaintiff claims that the assignment was invalid for many reasons. (See FAC at 13 & 16-19.) For example, Plaintiff alleges that it was not properly signed by a MERS representative and that the Deed of Trust was not endorsed to Greenwich Capital Assurance, Inc., the Depositor of the Trust, as required by the Pooling and Servicing Agreement, but to Deutsche Bank, the Trustee of the Trust.

Another Assignment of Deed of Trust was recorded on September 16, 2014, whereby Deutsche Bank transferred its interest in the Deed of Trust to Nationstar. (FAC at 14 & Ex. J.) Plaintiff alleges that the assignment is void because it is signed by Nationstar as attorney-in-fact for Deutsche Bank rather than by Deutsche Bank itself.

On the same day, a Substitution of Trustee was recorded whereby Nationstar substituted Veriprise Processing Solutions LLC ("Veriprise") as the trustee in place of Commonwealth. (FAC Ex. K.) Plaintiff claims that it is void, because it is signed by Nationstar, which has no interest in the Deed of Trust because the assignment to Nationstar was void. (FAC at 14.)

Finally, a Notice of Default and Election to Sell Under Deed of Trust ("NOD") was recorded on the same day. (FAC at 13 & Ex. I.) It stated that Plaintiff had to pay

$185,160.16 to reinstate her loan. Plaintiff was instructed to contact Nationstar directly or through Veriprise to determine the payoff amount. Plaintiff claims the NOD is invalid because it is allegedly in conflict with the allonge to the Note. (FAC at 14-15; *see also* Exs. C at 25 (Note) & L (allonge).) The allonge was initially filled out to pay to the order of Aegis, the lender. Subsequently, it was endorsed by Aegis to pay to the order of Countrywide, then by Countrywide to Countrywide Home Loans, Inc., and finally by Countrywide Home Loans, Inc. in blank. (FAC Ex. L.) Although the Deed of Trust was allegedly assigned to Deutsche Bank (*see* FAC Ex. H), the allonge does not show that the note was assigned as well (*cf. id.* Ex. L).

Plaintiff argues that the alleged defects in the assignment of the Deed of Trust to Deutsche Bank and lack of endorsement of the promissory note to Deutsche Bank caused a break in the chain of title which ultimately rendered the NOD invalid. (*See* FAC at 19-20.) Plaintiff reasons that California Civil Code § 2924(a)(1) provides that only the trustee, mortgagee or beneficiary under a deed of trust, or any of their authorized agents may file an NOD. According to Plaintiff, the alleged defects in the assignments of the Deed of Trust and the Note, there is no party who could validly foreclose, and all the foreclosure documents are void and fraudulent. (FAC at 20.)

According to the record before the Court, the Property has not yet been foreclosed. Plaintiff does not dispute that she is in default.

Faced with impending foreclosure, Plaintiff filed a wrongful foreclosure complaint in this Court. The Court has federal question jurisdiction over the federal claims alleged in the complaint and supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1331 & 1367.[1]

Bank of America filed a motion to dismiss the initial complaint, which was granted in part and denied in part. (*See* doc. no. 18 ("Order").) Plaintiff was granted leave to

---

[1] Although Plaintiff alleges that the Court also has diversity jurisdiction under 28 U.S.C. § 1332, she has not alleged sufficient information regarding citizenship of each party to make that determination. (*See* FAC at 2-3.)

amend. (*Id.*) In her first amended complaint she alleges claims for (1) violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 *et seq*. ("RESPA"), (2) violations of the Truth in Lending Act, 15 U.S.C. §1601 *et seq*. ("TILA"), (3) wrongful foreclosure, (4) quiet title, (5) cancellation of instruments, (6) violation of California Unfair Competition Law, Cal. Bus. & Profs. Code §17200, *et. seq*. ("UCL"), and (7) unjust enrichment. She requests an order enjoining foreclosure of the Property and declaring the she owns the Property free and clear of Defendants' claims or liens, disgorgement of Defendants' alleged unjust enrichment, return of all Plaintiff's payments with interest, and damages. Pending before the Court is Bank of America's motion to dismiss the first amended complaint for failure to state a claim. All remaining Defendants have joined in the motion.

**II. Discussion**

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041(9th Cir. 2010) (internal quotation marks and citation omitted). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory, yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006). However, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

A. RESPA

In her first cause of action Plaintiff alleges three RESPA violations: 12 U.S.C. § 2601,[2] § 2605 regarding mortgage servicing, and § 2607 prohibiting kickbacks and unearned fees. (FAC at 22-23.) Defendants challenge only the alleged violations of § 2607.

Initially, Defendants argue that the claim is time barred. RESPA claims for § 2607 violations are subject to a one year statute of limitations from the date of the occurrence of the violation. 12 U.S.C. § 2614. The claim, which relates to the initial purchase of the Property in 2006, was previously dismissed as time barred on the face of the complaint. (*See* Order at 4.) Plaintiff was granted leave to amend, to allege facts in support of her equitable tolling argument.

RESPA's statute of limitations is subject to equitable tolling, *Merritt v. Countrywide Fin. Corp.,* 759 F.3d 1023 (9th Cir. 2014), in "appropriate circumstances," *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Such circumstances are present until the plaintiff can gather the necessary information, if a reasonable plaintiff would not have earlier known of the existence of a possible claim; or when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, including fraudulent conduct, so long as the plaintiff is not on inquiry notice; and when extraordinary circumstances beyond the plaintiff's control make it impossible to file the claim on time. *Huynh*, 465 F.3d at 1004. In the mortgage lending context, the statute of limitations is tolled "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis." *King,* 784 F.2d at 916. However, the applicability of equitable tolling often depends on matters outside the pleadings. *Huynh*, 465 F.3d at 1003. It is therefore "rarely appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to the complaint) if equitable tolling is at issue." *Id*. at 1003-04; *see also King,* 784 F.2d at 915 ("fraudulent concealment and

---

[2] Plaintiff cites to § 2601 (Congressional Findings and Purpose). It appears that she may have intended to reference a different provision.

5

equitable tolling involve factual determinations"); *Merritt,* 759 F.3d at 1040 (on remand, the district may consider evidence).

Plaintiff alleges she had no reason to investigate until she received the NOD, which was recorded in September 2014. This is apparent from the record. Defendants have presented no reason to infer to the contrary. Plaintiff filed this action less than a year after the NOD, on June 25, 2015. This is sufficient at this stage of proceedings to deny dismissal based on statute of limitations. This finding is without prejudice to Defendants raising this issue again in an appropriate motion or at trial.

Defendants next argue that the claim should be dismissed because the allegations of fraudulent conduct related to the alleged kickbacks do not meet Rule 9(b) specificity requirements. Claims "grounded in fraud ... must satisfy the particularity requirement of Rule 9(b)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (internal quotation marks and citation omitted); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) (Rule 9(b) applies to the extent a claim is based on a misrepresentation). To meet the hightened pleading standard for averments of fraud, a plaintiff must allege the "who, what, when, where and how of the misconduct charged." *Vess,* 317 F.3d at 1106 (internal quotation marks and citation omitted). Here, Plaintiff has sufficiently identified the transaction and the parties to it to meet this requirement and enable Defendants to formulate a response. (FAC at 22-23.)

Finally, Defendants contend that Plaintiff failed to allege pecuniary loss. The Court disagrees. Plaintiff expressly alleged that she was charged "excessive, uneraned and duplicative fees." (FAC at 22; *see also id.* at 23 (illegal fees).) To the extent Defendants are seeking dismissal of the RESPA claim, their motion is denied.

B. <u>TILA</u>

Plaintiff alleges that Bank of America and Aegis failed to make the requisite disclosures and to properly underwrite the loan. (FAC at 25-26.) The statute provides for a three-day unconditional right to rescind, or a three-year conditional right to rescind, even if the required disclosures were not made at all. 15 U.S.C. § 1635(f); *Jesinoski v.*

*Countrywide Home Loans, Inc.*, __ U.S. __; 135 S. Ct. 790 (2015). Plaintiff's loan was consummated in June 2006; accordingly, a rescission claim is time barred on the face of the complaint. Equitable tolling does not apply to TILA's three-year statute of limitations. *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 414-19 (1998).

Alternatively, TILA provides for damages. 15 U.S.C. § 1640. A claim for damages is subject to a one-year statute of limitations from the date of the occurrence. *Id*. § 1640(e). Equitable tolling applies to TILA damages claims in "appropriate circumstances." *King,* 784 F.2d at 914-15.

Because the loan closed and all related disclosures were made in June 2006, the claim for damages is time barred on the face of the complaint. As with the RESPA claim, Defendants had previously moved to dismiss it as time barred. Their motion was granted with leave to amend. (*See* Order at 5-6.) In her amended complaint, Plaintiff makes the same allegations as in support of tolling the statute with respect to the RESPA claim. (*See* FAC at 26.) She claims she did not discover the violations sooner because she had no reason to question the transaction before the NOD. (*Id.* at 26-27.) Defendants' statute of limitations argument is rejected for the same reasons as it was rejected in the RESPA context.

Alternatively, Bank of America contends the TILA claim should be dismissed because it was not the creditor on Plaintiff's loan. TILA liability applies to the creditor on the original loan and its assignees. 15 U.S.C. §§ 1640(a), 1641. Bank of America was not the creditor or assignee. (*See* FAC at 21.) Plaintiff counters that Bank of America was the creditor in its capacity as the sole owner of Countrywide, and that Countrywide was the actual lender because unbeknownst to her, Aegis allegedly was not the lender but a loan broker who immediately sold the loan to Countrywide in exchange for a yield spread premium. (FAC at 8-9.) Defendants do not respond to this successor liability argument in their reply. Accordingly, Defendants' motion is denied to the extent they seek dismissal of the TILA claim.

C. <u>Wrongful Foreclosure</u>

In her wrongful foreclosure claim, Plaintiff contends that Defendants knowingly commenced foreclosure proceedings based on fraudulent documents. (FAC at 27-28.) As no foreclosure has yet occurred, Plaintiff has no cause of action for damages, but may have a claim for injunctive relief.

California non-judicial foreclosure statutory scheme does not provide for a preemptive suit for damages for wrongful initiation of foreclosure. *Robinson v. Countrywide Home Loans, Inc.*, 199 Cal. App. 4th 42, 46 (2011). Plaintiff relies on a footnote in *Robinson* that the borrower who believes that the foreclosing entity lacks standing can seek to enjoin the trustee's sale or to set the sale aside. *Id.* at 46 n.5. The foreclosure has not yet occurred. Plaintiff therefore cannot request to set it aside. However, to the extent she is seeking to enjoin the sale from proceeding, she potentially can state a claim. (*See* FAC at 44; *but see id.* at 28 (damages).)

In the reply brief, Bank of America claims that is not involved in the foreclosure process, and that the claim should therefore be dismissed against it, if not against other Defendants. As this argument was made for the first time in the reply, it will not be considered at this time. Ordinarily, the Court does not entertain substantive arguments made for the first time in the reply, as it deprives the opposing party of the opportunity to respond. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

Reading the complaint with the requisite liberality, Plaintiff states a claim for injunctive relief based on wrongful foreclosure. Plaintiff, however, does not state a claim for damages.

D. <u>Cancellation of Instruments</u>

Plaintiff requests the cancellation of the Note, Deed of Trust, NOD and Notice of Trustee's Sale. Defendants argue the claim should be dismissed with respect to the Note and Deed of Trust because it is time barred, the allegations do not meet the hightened pleading requirement of Rule 9(b), and because she has not alleged ability to tender. For the reasons which follow, the motion is denied.

Defendants contend that cancellation of the Note and Deed of Trust is time barred. In the previous Order, the claim was dismissed with leave to amend to allow Plaintiff to allege delayed discovery of Defendants' alleged fraud. (Order at 8.) As was the case with the tolling of RESPA's statute of limitations, in the amended complaint Plaintiff alleges she was not able to discover her cancellation claim sooner because she had no reason to question the transaction until the NOD was recorded. (FAC at 31.) As the basis for cancellation, Plaintiff alleges that at the time of the sale Defendants concealed from her that Aegis was not truly the lender, but a loan broker who would transfer the loan to a financial institution upon closing in exchange for unlawful and excessive fees. (*Id.* at 31 & 8-9.) Plaintiffs' discovery allegations sufficiently identify the time, parties involved and the transaction to meet the hightened pleading requirement and enable Defendants to respond. Defendants' renewed tender argument is rejected for the reasons stated in the Order. (Order at 6-7.) Accordingly, to the extent Defendants move to dismiss the cancellation claim, their motion is denied.

### E. Unjust Enrichment

Plaintiff alleges that as a result of various defects and improprieties in the assignment of the Deed of Trust, including that the assignment of the Note did not follow the same path as the Deed of Trust, and that the assignment to Deutsche Bank did not conform with the proper procedure for assignment to the mortgage passthrough trust, there is no party with an interest in the Note and Deed of Trust with authority to foreclose. (FAC at 35-44.) She advances this position although she does not deny that she received the loan proceeds and is in default. She claims that Defendants are unjustly enriched by collecting mortgage payments and encumbering the title to her Property. (*Id.* at 35.)

Plaintiff's theory of unjust enrichment by collecting her mortgage payments is rejected for the same reasons stated in the Order. (Order at 11.) The alleged improper securitization of her loan is not a sufficient basis to assert an unjust enrichment claims against Defendants. *See Saterbak v. JP Morgan Chase Bank*, 245 Cal. App. 4th 808

(2016).  Accordingly, Plaintiff's seventh cause of action for unjust enrichment is dismissed.  As Plaintiff has already been granted leave to amend, and it does not appear that she could allege any further relevant facts, her request for leave to amend is denied.

**III.  Conclusion**

For the foregoing reasons, Defendants' motion is granted as to Plaintiff's seventh cause of action for unjust enrichment and as to the third cause of action for wrongful foreclosure, to the extent Plaintiff seeks damages.  The motion is denied in all other respects.  Plaintiff's request for leave to amend is denied.

**IT IS SO ORDERED.**

Dated:  September 29, 2017

Hon. M. James Lorenz
United States District Judge