

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

KATHY WESTFALL,

Plaintiff,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. *et al.*,

Defendants.

Case No.:  3:15-cv-01403-L-NLS

**ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION AND GRANTING PLAINTIFF LEAVE TO AMEND**

Pending before the Court in this wrongful foreclosure action is Defendants' motion for judgment on the pleadings.  Plaintiff filed an opposition and Defendants' replied.  For the reasons stated below, the action is dismissed for lack of subject matter jurisdiction, Defendants' motion is denied as moot, and Plaintiff is granted leave to amend jurisdictional allegations.

In her operative first amended complaint, Plaintiff alleged claims for (1) violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 *et seq*. ("RESPA"), (2) violations of the Truth in Lending Act, 15 U.S.C. §1601 *et seq*. ("TILA"), (3) wrongful foreclosure, (4) quiet title, (5) cancellation of instruments, (6) violation of California Unfair Competition Law, Cal. Bus. & Profs. Code § 17200, *et. seq*. ("UCL"), and (7) unjust enrichment.  The third cause of action for wrongful foreclosure, only to the extent

Plaintiff sought damages, and seventh cause of action for unjust enrichment have been dismissed without leave to amend.  (Doc. no. 38 (Order Granting in Part and Denying in Part Defendants' Motion to Dismiss ("Order").)

As noted in the Order (Order at 3), the Court had federal question jurisdiction over the first and second causes of action alleging RESPA and TILA violations, and supplemental jurisdiction over the remaining state law claims.  *See* 28 U.S.C. § 1331 & 1367.  Subsequently, Plaintiff dismissed all claims against Defendant Bank of America, N.A. ("B of A").  (Docs. no. 75, 76.)  Because the RESPA and TILA claims were alleged only against B of A (*see* doc. no. 21 (first am. compl. ("FAC")) at 21, 24), no federal claims remain, and the Court no longer has federal question jurisdiction over any claims.  Although Plaintiff also alleged that the Court had diversity jurisdiction under 28 U.S.C. § 1332, she did not allege sufficient facts regarding citizenship of each party to support that assertion (*see id.* at 2-3), an issue that was brought to Plaintiff's attention in the Order (Order at 3 n.1).

A district court "may decline to exercise supplemental jurisdiction [if it] has dismissed all claims over which it has original jurisdiction, ... ."  28 U.S.C. § 1367(c)(3); *see also Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (*en banc*).  "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *Gibbs* values of economy, convenience, fairness, and comity."  *Id.* at 1001 (referring to *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); internal quotation marks and citations omitted.)  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (quoted in *Acri*, 114 F.3d at 1001).  Accordingly, the Court declines to exercise federal jurisdiction over the state law claims.

For the foregoing reasons, this action is dismissed under 28 U.S.C. § 1367(c)(3) for lack of subject matter jurisdiction.  Defendants' motion for judgment on the pleadings is

denied as moot.  Pursuant to 28 U.S.C. §1653, Plaintiff is granted leave to amend to allege a basis for diversity jurisdiction.  If Plaintiff chooses to file an amended complaint, she must do so no later than **January 15, 2019**.

**IT IS SO ORDERED.**

Dated:  December 27, 2018

_____
Hon. M. James Lorenz
United States District Judge