UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY WESTFALL,<br><br>                                  Plaintiff,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR AEGIS WHOLESALE CORPORATION, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF HABORVIEW MORTGAGE LOAN TRUST 2006-9 MORTGAGE PASS-THROUGH CERTIFICATES, NATIONSTAR MORTGAGE SERVICING, and DOES 1 through 200,<br><br>                                 Defendants. | Case No.: 15-CV-1403-AJB-AGS<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER AND REQUEST FOR PRELIMINARY INJUNCTION**<br><br>(Doc. No. 90) |

      Currently pending before the Court is Plaintiff Kathy Westfall's ("Plaintiff") ex parte motion for temporary restraining order and request for a preliminary injunction. Pursuant to Civil Local Rule 7.1.d.1, the Court finds the matter suitable for determination on the papers and without oral argument. For the reasons explained more fully below, the Court **DENIES** Plaintiff's motion.

///

## BACKGROUND

Plaintiff received the property at issue by means of an Interspousal Grant Deed recorded on October 28, 2004. (Doc. No. 93 at 7.) In June 2006, Plaintiff obtained a $795,000 loan from Aegis Wholesale Corporation ("Aegis"). (Doc. No. 83 ¶ 18, Ex. C.) The loan was secured to the property by a deed of trust, which listed Aegis as the lender, Commonwealth Land Title as the trustee, and MERS as the beneficiary, solely as nominee for Aegis, its successors and assigns. (*Id.*) The servicing of the loan was then transferred to Nationstar. (*Id.* ¶¶ 37–39.) In December 2012, MERS assigned the DOT to Deutsche. (*Id.* ¶ 36.) In April 2011, Plaintiff made her last payment. (Doc. No. 93-2, Ex. 2 at 3.)

On June 25, 2015, Plaintiff filed a complaint against Bank of America, N.A. ("BANA"), Nationstar, Mortgage Electronic Registration Systems, Inc. ("MERS"), and Deutsche Bank alleging that the parties acted fraudulently and there was a break in the chain of title. (*See generally* Doc. No. 1.) Plaintiff's complaint alleged eight counts: (1) violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"); (2) violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"); (3) wrongful foreclosure; (4) quiet title; (5) cancellation of instruments; (6) violation of California Civil Procedure Code section 2923.5; (7) violation of California Unfair Competition Law, Cal. Bus. & Profs. Code section 17200 et seq. ("UCL"); and (8) unjust enrichment. (*See generally id.*)

On March 30, 2016, the Court granted in part and denied in part BANA's motion to dismiss. (Doc. No. 18.) On April 22, 2016, Plaintiff filed a first amended complaint ("FAC"). (Doc. No. 21.) On September 29, 2017, the Court granted in part and denied in part BANA's motion to dismiss FAC. (Doc. No. 33.) Plaintiffs then filed a second amended complaint. (Doc. No. 83.) Defendants filed a Notice of Sale recorded on January 24, 2019. (Doc. No. 90 at 3.) The sale date of the property is set for February 22, 2019. (*Id.*)

## LEGAL STANDARD

A temporary restraining order may be granted upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can

2

15-CV-1403-AJB-AGS

be heard in opposition[.]" Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order, as a form of preliminary injunctive relief, is to preserve the status quo and prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974). A request for a TRO is evaluated by the same factors that generally apply to a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). However, a TRO is an "extraordinary remedy" and is "never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). Instead, the moving party bears the burden of demonstrating four factors: (1) "he is likely to succeed on the merits"; (2) "he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in his favor"; and (4) "an injunction is in the public interest." *Winter*, 555 U.S. at 20.

Although a plaintiff must satisfy all four of the requirements set forth in *Winter*, the Ninth Circuit employs a sliding scale whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Accordingly, if the moving party can demonstrate the requisite likelihood of irreparable harm and show that an injunction is in the public interest, a TRO may issue so long as there are serious questions going to the merits and the balance of hardships tips sharply in the moving party's favor. *Id.*

**DISCUSSION**

A.  Judicial Notice

Federal Rule of Evidence 201 states that a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Here, the Notice of Default is a matter of public record and was recorded in the Official Records of San Diego County. *See Montes v. Quality Loan Service Corp.*, No. CV

09-5864 PSG (RCx), 2010 WL 114485, at *1 (C.D. Cal. Jan. 5, 2010). Further, the Docket Report of the United States Bankruptcy Court for the Southern District of California may be judicially noticed. *See Vargas v. Wells Fargo Bank, N.A.*, No. C 12-02008 WHA, 2012 WL 2931220, at *7 (N.D. Cal. July 18, 2012). Accordingly, the Court **GRANTS** Defendants' request for judicial notice of these documents.

B.  Irreparable Harm

Plaintiff has failed to show the requisite likelihood of success on the merits to warrant equitable relief. The primary basis of Plaintiff's motion is that Defendants lack standing to foreclose, because of an allegedly improper securitization of the loan. (Doc. No. 90-1 at 3.) However, the Court will not address Plaintiff's arguments regarding likelihood of success on the merits, since as explained below Plaintiff has failed to establish that she will suffer irreparable harm. *See Winter*, 555 U.S. at 21.

Plaintiff contends that she will be harmed because the loss of a residence is simply irreparable harm and secondly, because she will be without recourse as there is no right of redemption after ninety days after the notice of default. (Doc. No. 90-1 at 4.) However, Plaintiff is not being forced to move if the sale proceeds as she is not losing the residence where she currently resides. (Doc. No. 93 at 13.) Secondly, Plaintiff's counsel, Mr. Alfred, is currently residing at the property, rent-free. (*Id.*; Duong Decl., Ex. A 6:25.) Plaintiff confirmed during her deposition that she does not receive rental proceeds or any other monetary gain from the property. (*Id.*, 6:9–11.) Further, Plaintiff has not made a single payment since 2011 and has no equity in the property. (*Id.* at 14.) Accordingly, Plaintiff will likely suffer little to no harm and thus, cannot establish "irreparable harm" if injunctive relief is not granted. Any harm to Plaintiff, if proven, can be adequately addressed by money damages.

Because Plaintiff has failed to show "irreparable harm," the Court does not consider the remaining three factors.

/ / /

/ / /

4

15-CV-1403-AJB-AGS

## CONCLUSION

For the foregoing reasons, Plaintiff has not carried her burden of showing that a temporary restraining order or preliminary injunction should be issued. Accordingly, the Court **DENIES** Plaintiff's motion.

**IT IS SO ORDERED**.

Dated: February 8, 2019

Hon. Anthony J. Battaglia
United States District Judge